```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                :
                                                :     25-CV-03856 (JAV)
In re:                                          :
                                                :     Bankr. Case No.
RICKY MOTT,                                     :     25-B-10110 (SHL)
                                                :
                Debtor.                         :     MEMORANDUM
                                                :     OPINION AND ORDER
                                                :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

RGN-NEW YORK XXX, LLC, by its agent Regus Management Group, LLC ("Appellee"), is the petitioner in a New York state court holdover summary proceeding brought against ABC Mining Co, Index No. LT 318342-24/NY (the "Holdover Proceeding").  ECF No. 10-7.  Ricky Mott ("Appellant"), proceeding *pro se,* commenced the underlying Chapter 7 bankruptcy proceeding, *In re Ricky Mott*, 25-B-10110 (the "Underlying Bankruptcy Proceeding"), in the United States Bankruptcy Court for the Southern District of New York ("SDNY Bankruptcy Court") after an adverse ruling in the Holdover Proceeding.  ECF No. 10-7.  On April 24, 2025, Judge Sean H. Lane issued an Order Dismissing Chapter 7 Case with Continuing Bar to Refiling ("Dismissal Order").  ECF No. 10-8.  Appellant filed a Notice of Appeal from the Dismissal Order, ECF No. 1, commencing the instant appeal.

Currently pending before the Court is Appellant's Motion for Stay Pending Appeal, seeking a stay of the Holdover Proceedings during the pendency of this

appeal, ECF No. 4 ("Stay Motion"), and Motion for Judicial Intervention, similarly seeking a stay of the Holdover Proceeding and a correction of unspecified issues he had with filing documents in the SDNY Bankruptcy Court, ECF No. 5 ("Judicial Intervention Motion").  The Stay Motion and the Judicial Intervention Motion are DENIED.

Appellant, using a number of aliases, including Armando Pons, Audi Pons, and Ari Pons, is a serial bankruptcy filer.  He has been found by several different bankruptcy courts to have engaged in a pattern of bad faith and frivolous bankruptcy filings in the SDNY Bankruptcy Court, as well as the bankruptcy courts in the Eastern District of New York and the District of New Jersey.  *See, e.g.,* ECF Nos. 10-1, 10-2.  These filings led to an escalating series of litigation bars imposed upon Appellant.  *Id.*  As relevant here, on December 23, 2022, in a bankruptcy case captioned *In Re Ari Pons Pons*, 22-bk-22801 (Bankr. S.D.N.Y), Judge Lane issued an order imposing a litigation ban enjoining Appellant from filing "any bankruptcy pleading of any kind anywhere in the country, whether on his own behalf or on behalf of someone else" without obtaining leave of the SDNY Bankruptcy Court.  ECF No. 10-2 (the "Litigation Bar Order").

In the Underlying Bankruptcy Proceeding, Judge Lane determined that Appellant, although proceeding under the name Ricky Mott, was in fact Armando Pons, the same individual who was the subject of the Litigation Bar Order.  Dismissal Order at 3-4; *see also* ECF No. 10-7.  Judge Lane further found that Appellant had filed the Underlying Bankruptcy Proceeding in bad faith, had failed

to provide his social security number or other documentation required under Rule 1007(f), had failed to appear at the meeting of creditors held pursuant to 11 U.S.C. § 341(a), and had instituted the Underlying Bankruptcy Proceeding in violation of the Litigation Bar Order.  Dismissal Order at 3-4.  Accordingly, the Chapter 7 petition was dismissed.

To obtain a stay pending appeal under Rule 8007, the movant must demonstrate: (1) irreparable injury absent a stay; (2) no substantial harm to other parties; (3) that the public interest favors a stay; and (4) a substantial possibility of success on the merits.  *In re G.L.A.D. Enterprises, LLC,* 2023 WL 3856331 (Bkrtcy. S.D.N.Y. 2023).  Balancing these factors, the Court determines that a stay pending appeal is not appropriate.

"Likelihood of success and irreparable injury are the most 'critical' factors in this analysis, . . . and the showing required under each bears an inversely proportional relationship to one another."  *In re Anderson*, 560 B.R. 84, 89 (S.D.N.Y. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).  "In no case, however, is it enough that the chance of success be better than negligible."  *Id.* (cleaned up).

Appellant has not met his burden of showing more than a negligible possibility of success on his appeal, let alone a substantial possibility of success.  Appellant commenced the Underlying Bankruptcy Proceeding in direct violation of the Litigation Bar Order, rendering it void *ab initio*.  *See generally In re Casse,* 198 F.3d 327 (2d Cir. 1999).  Additionally, dismissal of the Chapter 7 proceeding was separately justified by Appellant's failure to provide his social security number or

appear for the meeting of creditors. *See* 11 U.S.C. §§ 343, 521. Such unreasonable delays in a debtor's compliance with the Bankruptcy Code constitute good cause for dismissal of a Chapter 7 proceeding under section 707(a). *See, e.g.*, *In re Shuang*, No. 24-10996 (JLG), 2024 WL 4668429, at *4 (Bankr. S.D.N.Y. Nov. 4, 2024).

In his motion papers, Appellant does not challenge the SDNY Bankruptcy Court's finding that he was the subject of the Litigation Bar Order, or any of the factual findings underlying the Dismissal Order. Appellant merely alludes to unspecified "procedural obstacles that have hindered his ability to effective present his case, including improper handling of filings and communications by the court." Judicial Intervention Motion at 1-2. Yet the only example Appellant provides is a warning he purportedly received that "sending documents by email to the courtroom email address . . . is not a substitute for proper filing of documents with the Clerk's office." *Id*. at 2 n.5. Appellant states that he was instructed to cease and desist sending emails directly to the bankruptcy judge, and to instead communicate by filing documents with the docket. Contrary to Appellant's contentions, requiring litigants to follow standard filing procedures is not a denial of his due process rights.

The Stay Motion and the Judicial Intervention Motion are DENIED. The Clerk of Court is directed to terminate ECF Nos. 4 and 5.

SO ORDERED.

Dated: September 3, 2025
      New York, New York

JEANNETTE A. VARGAS
United States District Judge