```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
                                                                  :     25-CV-03856 (JAV)
In re:                                                            :
                                                                  :     Bankr. Case No.
RICKY MOTT,                                                       :     25-B-10110 (SHL)
                                                                  :
                 Debtor.                                          :     ORDER
                                                                  :
                                                                  :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

      Ricky Mott ("Appellant"), proceeding *pro se,* commenced the underlying Chapter 7 bankruptcy proceeding, *In re Ricky Mott*, 25-B-10110, in the United States Bankruptcy Court for the Southern District of New York.  ECF No. 10-7.  On April 24, 2025, Judge Sean H. Lane issued an Order Dismissing Chapter 7 Case with Continuing Bar to Refiling.  ECF No. 10-8.  Appellant filed a Notice of Appeal from the Dismissal Order, ECF No. 1, commencing the instant appeal.

      Pursuant to Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure, an appellant is required to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" with the bankruptcy clerk, and serve the record designation and statement of issues on the appellee, "within 14 days of the notice of appeal becoming effective under FRBP 8002 or an order granting leave to appeal has been entered."  By the due date for the record designation and statement of issues, appellant must also order the transcript of such parts of the proceeding not already on file that appellant considers necessary for the appeal and file a copy of that order with the Bankruptcy Court, or alternatively, file a certificate stating that the appellant is not ordering a transcript.  Fed. R. Bankr. P. 8009(b)(1).

To date, Appellant has failed to comply with these requirements. By Order dated July 9, 2025, this Court granted Appellant a *nunc pro tunc* extension until July 22, 2025, to file with the Bankruptcy Court the designation of items to be included in the record on appeal and a statement of issues to be presented. An examination of the docket in the Underlying Bankruptcy Proceeding indicates that Appellant has failed to abide by this extended deadline.

On September 3, 2025, the Court issued an order for Appellant to show good cause in writing for his failure to timely comply with the time limitations set forth in Rule 8009. The Court warned that failure to show such good cause (or otherwise indicate an intention to proceed with the appeal) may result in dismissal of this appeal. Appellant did not respond to this order.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

In this case, the deadline for Appellant to comply with the deadlines set forth in the Bankruptcy Rules of Procedure was extended *sua sponte*. The Court then provided notice in the Order to Show Cause that any failure to respond or indicate an intent to proceed with this appeal could result in dismissal. Additionally, the record before the bankruptcy court indicated that this underlying bankruptcy proceeding was made in contravention of a litigation ban, imposed because of Appellant's history of bad faith and frivolous bankruptcy filings. ECF No. 12.

Accordingly, dismissal of this appeal for failure to prosecute is appropriate. *See In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir. 1987). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 22, 2025
      New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge